UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JERRY A. FOX,                        )
    Plaintiff,                    )
                                     )
v.                                   )    No. 3:11-CV-44
                                     )    (Phillips/Guyton)
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
    Defendant.                    )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 18] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 17]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff was not disabled prior to January 2008 is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning February 2006. Plaintiff was 51 years old at the time of his alleged onset. The administrative law judge (ALJ) issued a partially favorable decision finding that plaintiff could perform a range of light work, with certain limitations, up to January 23, 2008. On

January 23, 2008, the plaintiff was prescribed supplemental oxygen. The ALJ found that from January 23, 2008 going forward, plaintiff was disabled. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ erred in failing to find his impairments would meet Listing 12.05B. Under Listing 12.05, plaintiff must show that he has mental retardation and present sufficient evidence to satisfy one of the four sets of criterial listed. Listing 12.05 explains that mental retardation is characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning. 20 C.F.R. pt. 404, supt. P, app. 1, § 12.05. Subpart B requires a valid verbal, performance or full scale IQ of 59 or less. Subpart C requires a valid verbal, performance or full sale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. pt. 404, supbt. P, app. 1, § 12.05.

The ALJ acknowledged that plaintiff attained IQ scores below 70 in 1969 when he was age 14 and that he was described as functioning in the mild mental retardation range at that time. However, the record showed that despite these scores at age 14, plaintiff graduated from high school, obtained a valid driver's license with no restrictions, and worked as a machine operator from age 24 to age 51, when plaintiff left

his employment due to physical impairments (chronic obstructive pulmonary disease, sleep apnea, and coronary artery disease). Thus, plaintiff has not shown that any cognitive or intellectual impairment prevented him from working prior to January 23, 2008. Plaintiff's objection is **overruled.**

Next, plaintiff argues that the ALJ erred by failing to order psychological and IQ testing. However, the ALJ was not required to obtain a consultative examination because the evidence of record showed that plaintiff's adaptive functioning had improved since age 14, based on plaintiff's testimony that he graduated from high school, obtained a valid driver's license with no restrictions, and worked for nearly three decades. Plaintiff's objection is **overruled.**

Last, plaintiff argues that the ALJ erred by failing to obtain testimony from a vocational expert at the hearing. However, it is the ALJ's function to determine what medical/mental restrictions a plaintiff is under and how such restrictions affect his RFC. The ALJ is required to incorporate into the hypothetical question to the vocational expert only those limitations accepted as credible. *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993). As stated above, the ALJ found plaintiff's claim that he was mentally impaired inconsistent with the evidence of record. Therefore, the ALJ was not required to obtain vocational expert testimony, and plaintiff's objection is **overruled.**

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge